

**ORDERED in the Southern District of Florida on April 12, 2013.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re                                                Case No. 12-13659-BKC-AJC

LUIS HERNANDEZ-ABREU,                                Chapter 7

        Debtor.
_____/

SONIA MENDIZABAL,                                    Adv. No. 12-1401-BKC-AJC-A

        Plaintiff,

vs.

LUIS HERNANDEZ-ABREU,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
PROTECTIVE ORDER OR TO QUASH SUBPOENAS**

1

The Court has before it the defendant Luis Hernandez-Abreu's motion, argued at hearing on November 27, 2012, for a Protective Order or to Quash Subpoenas.  For the reasons that follow, defendant's motion is denied.

## BACKGROUND

This is an adversary proceeding challenging defendant-debtor's attempt to discharge a malpractice judgment entered against him in State Court.  Plaintiff who is the judgment creditor alleges that defendant incurred the underlying liability and judgment fraudulently and through other illegal actions and that the defendant's fraud and concealment should prevent discharge of the judgment pursuant to 11 USC 523(a)(2)(A,B) & 523(c)(1) and Fed.R.Bankr.P. 7001(6).

Plaintiff was a dental patient of defendant who is a Florida-licensed dentist.  Plaintiff alleges that she suffered horrendous injuries and damage as defendant's patient because of his extreme incompetence and his fraud in misrepresenting his competence while concealing his knowing inability to treat her properly by reason of his drug and alcohol addiction which he knew impaired his ability to treat plaintiff but which he fraudulently concealed from her, while also fraudulently concealing his willful and knowing violation of Florida law by failing to maintain the mandatory liability insurance for his dental malpractice.  *See* FAC 64B5-17.011 (required liability insurance for dentists); *and see* adversary complaint.

By reason of defendant's dental malpractice, plaintiff obtained a judgment against him in Florida Circuit Court, Miami-Dade County, in the amount $255,473.95 on Feb. 28, 2011 (exh.1 to adversary comp.).

Defendant seeks to discharge the judgment in bankruptcy, but plaintiff challenges the discharge through a timely adversary complaint on grounds of defendant's fraud and concealment.

In order to obtain evidence for trial in this adversary proceeding, plaintiff served four subpoenas – on Gracey Backer Insurance Agency, Professional Resource Network, Florida Dept. of Health, and South Miami Hospital.

Defendant moved to quash the latter two subpoenas (DE 39). Plaintiff opposed defendant's motion (Amended Opp., DE 44). Defendant did not challenge the subpoena to Gracey Backer. Plaintiff withdrew without prejudice the subpoena to Professional Resource Network.

At hearing, defendant withdrew his objection to the Department of Health subpoena.

This leaves only the subpoena to South Miami Hospital issued by Plaintiff.

## DISCUSSION

Defendant asserts that the South Miami Hospital subpoena seeks "irrelevant" and "privileged" information (DE 39, par.7-14). Defendant's South Miami Hospital records and documents are relevant because they may show defendant's impairment and incompetence to treat plaintiff, which plaintiff alleges defendant concealed and fraudulently misrepresented.

For purposes of discovery, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence" (Fed.R.Civ.P. 26(b)(1)). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Donahay v. Palm Beach Tours and Transportation, Inc.,* 242 F.R.D. 685, 687 (S.D.Fla. 2007).

Defendant has failed to persuade the Court that the request is unreasonable or otherwise unduly burdensome. *See* Fed.R.Civ.P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985);*Rossbach v. Rundle,* 128 F.Supp.2d 1348, 1354 (S.D.Fla.2000); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* 2001 WL 34079319 *2 (S.D.Fla.2001) ("burden of

showing that the requested discovery is not relevant to the issues in the case is on the party resisting discovery"); *Gober v. City of Leesburg,* 197 F.R.D. 519, 521 (M.D.Fla. 2000) ("party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information").

Here, Plaintiff's adversary complaint rests upon her allegation that defendant fraudulently concealed his substance abuse and inability to treat her by reason of his drug and alcohol addiction, as well as his failure to maintain the legally required malpractice insurance.  These are valid bases for denying discharge of the malpractice judgment.  Bankruptcy courts have held doctors responsible for non-dischargeable liability arising from such conduct.  *In re Doyan*, 204 B.R. 250 (Bankr. S.D.Fla. 1996) (doctor's failure to notify patient of lack of liability insurance and misrepresentation of qualifications prevents discharge of malpractice judgment); *In re Hanft, M.D., P.A.,* 315 B.R. 617 (S.D.Fla. 2002) (doctor's fraudulent concealment prevents discharge of malpractice judgment); *In re Berman*, 154 B.R. 991 (Bankr. S.D.Fla. 1993) (doctor's failure to inform patient of lack of liability insurance and fraudulent concealment prevents discharge of malpractice judgment). While the defendant argues such conduct is treated differently for dentists, that issue is not before the Court on the motion to quash.

More importantly though, at his deposition, defendant voluntarily testified without objection to numerous questions relevant to his treatment at South Miami Hospital.  This includes without limitation defendant's deposition testimony that –

    -- he was in "rehab" at South Miami Hospital for "five months" for "chemical dependency" (dep. pp.9-10, attached to Plaintiff's Amended Opposition to Motion to Quash, DE 44, hereafter "dep."),

    -- his rehab treatment at South Miami Hospital related to his excessive use of "cocaine", "marijuana" and "alcohol" (dep. p.10);

-- his rehab treatment at South Miami Hospital was in a "residential program" where defendant was in residence for five (5) months and "stayed at the facility full-time" (dep. pp.9 & 16);

-- his rehab treatment was by both a "psychologist and doctor"      (dep. p.15);

-- he was in rehab because he was using cocaine and marijuana on a regular basis throughout the decade 2000-2010 (dep. pp.20-23) -- exactly when defendant was "treating" plaintiff as a dental patient;

-- he was in rehab also because he used alcohol "excessively" to the point of being "inebriated" (dep. p.25), although defendant claims that he only drank on "weekends". *Id.*

This voluntary testimony by defendant, without objection, constitutes a waiver of any objection that defendant might have concerning his treatment at the South Miami Hospital. *Chick-Fil-A v. ExxonMobil Corp.*, 2009 U.S.Dist.Lexis 109588 *9 (S.D.Fla. 2009) (privileged information voluntarily disclosed to one's adversary constitutes waiver of the privilege); *Wood v. Archibald Medical Center, Inc.*, 2009 U.S.Dist.Lexis 84866 *13 (M.D.Ga. 2009) (voluntary disclosure of privileged information inconsistent with keeping it from an adversary waives the privilege).

The defendant has waived whatever privilege may exist concerning his communications as to the alleged frequency of his cocaine and marijuana use.  At his deposition, defendant voluntarily testified without objection that during the relevant decade 2000-2010 he used cocaine "maybe once a month" (dep. pp.20-21), used marijuana "once a month" (dep. p.23), and drank alcohol only on "weekends" (dep. p.25).  His voluntary disclosure concerning the alleged frequency of his cocaine, marijuana and alcohol use waives whatever privilege may exist concerning communications directly relevant to his alleged frequency of drug and alcohol use. *Id.*  Plaintiff argues that it is implausible that defendant went into a full-residence 5-month addiction rehab for using cocaine and marijuana only "once a month" or for using alcohol only

5

on "weekends".  Plaintiff argues that defendant should not be permitted to conceal documents showing the true frequency of his drug and alcohol use while defendant testified on the record to minimal use "once a month" or only "weekends."  This Court agrees.  Defendant shall not be permitted to inject into the record his voluntary testimony of minimal use of drugs and alcohol only "once a month" or only "weekends" and then prevent disclosure of documents which may show a more frequent or regular use.

For these reasons, defendant's motion for a protective order concerning the subpoena served on South Miami Hospital is DENIED, and South Miami Hospital shall produce the requested documents.

Apparently during the motion proceedings, South Miami Hospital produced some records to plaintiff's counsel, while defendant was asserting their privileged nature.  Pursuant to Fed.R.Civ.P. 45(d)(2)(B) which applies through Fed.R.Bankr.P. 9016, plaintiff's counsel sequestered the documents and offered them to the Court for filing under seal (DE 44 pp.9-10; DE 45) which this Court approved (DE 46).  In light of the Court's ruling on the present motion -- that the documents have not been shown to be privileged and that whatever privilege exists has been waived -- plaintiff may obtain the documents in this proceeding, and South Miami Hospital shall produce to plaintiff's counsel all further documents responsive to the subpoena that have not already been produced.  However, in light of the sensitive nature of the documents, and in the exercise of this Court's discretion, the South Miami Hospital documents on file with this Court under seal shall remain under seal, and all further filings which include documents from the South Miami Hospital shall be filed under seal as well.

It is hereupon

**ORDERED AND ADJUDGED** that defendant's motion for a protective order or to quash the South Miami Hospital subpoena is DENIED, and South Miami Hospital and Florida Department of Health shall comply with the subpoenas served upon them.  The South Miami Hospital documents on file with this Court under seal (DE 45, 46) shall remain under seal and all further filings which include documents from the South Miami Hospital shall also be filed under seal.  All such documents filed under seal will be returned to the filing party upon the closing of this adversary proceeding.

###

Submitted by:

Dennis Grossman
FBN 0841811
Law Offices of Max R. Price, P.A.
Attorneys for Plaintiff
6701 Sunset Drive  (Suite 104)
Miami, FL 33143
(305) 662-2272
dagrossmanlaw@aol.com
mprice@pricelegal.com

Attorney Grossman is directed to mail a conformed copy of this Order upon receipt to all interested parties and to file a certificate of service.